UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>**MARK FLETCHER**<br><br>**Defendant.** | **Case No. 25-CR-150-02 (TSC)** |

**OPPOSITION TO THE GOVERNMENT'S MOTION FOR RECONSIDERATION**

Mark Fletcher, by and through undersigned counsel, respectfully submits this brief Opposition to the government's Motion for Reconsideration Regarding Officer Identification Testimony. (ECF. No. 91).

In its Motion, the government mischaracterizes defense counsel's clear communication regarding whether the defense will contest identification. To be clear, as defense counsel expressly advised government counsel, the defense will concede that the defendants are the individuals depicted in the CCTV footage. Accordingly, the Court's prior ruling—that police identification testimony is more prejudicial than probative—should remain undisturbed.

**Argument**

At the Pre-Trial Hearing in this matter, the Court ruled that if the defense is not raising a misidentification defense, it would exclude officer testimony that they identified Mr. Fletcher and Mr. Bynum as the individuals in the CCTV video. The Court reasonably concluded that unless the defense was contesting identification, such testimony would be more prejudicial than probative. The Court ordered defense counsel to notify the government whether it will be raising a

misidentification defense by May 8, 2026. Defense counsel complied with the Court's Order and so notified the government on May 8, 2026.

On May 12, 2026, the government emailed defense counsel the following question:

We are seeking clarification on your position.  Are you all conceding that the defendants are the individuals in the CCTV and therefore identification is not in dispute?  Or are you simply saying you will not challenge identification evidence as it comes in?  The former would mean that the government no longer has to prove that element, and if so, are you willing to stipulate to identification as a fact?

Undersigned defense counsel immediately responded:

We are **conceding** that they are the individuals in the video. A stipulation won't be necessary.  (emphasis added).

The above exchange makes abundantly clear that—contrary to the assertions in the government's Motion—defense counsel unequivocally advised that counsel will be *conceding* that Mark Fletcher and the other defendants are the individuals depicted in the video. The government nevertheless mischaracterizes Mr. Fletcher's position when it claims that "Fletcher's counsel indicated he will not stipulate that identification is not an issue." Gov. Mot. at 2.

Because the defense will affirmatively concede that the defendants are depicted in the video, no stipulation is necessary. Nor should the Court require one. As the Court knows, Mr. Fletcher filed a motion to suppress the GPS evidence. The Court denied that motion, and Mr. Fletcher modified his defense in response to the Court's ruling. If he is convicted, the issue will be raised on appeal. If the GPS decision is reversed, the defense would revisit trial decisions. Mr. Fletcher should not be forced create evidence that the government could also use at a later trial in order exclude evidence that is patently more prejudicial at this trial. The defense has been clear: there will be no misidentification defense, and the defense will concede identification on the

2

videos. If the defense raises any hint of misidentification (and the defense has no intention of doing so) the Court could then revisit its ruling.

In seeking reconsideration, the government makes two additional claims. First, it claims it needs police officer identification testimony to explain why the police tracked Mr. Fletcher and "not anyone else." This argument is contrary to the government's prior representations. In the sworn affidavit filed in support of the charged offenses in the District of Columbia Superior Court (the Gerstein), the government represented: "Detectives on scene were eventually notified about a 'high hit' for an individual with a GPS monitor. A high hit means that an individual was in close proximitiy to the homicide scene at the time of the homicide. The individual that was a high hit was Mark Fletcher. At the time of the offense, Fletcher was the only high hit. Detective Decker requested that officers locate Mark Fletcher using his GPS monitor. The GPS monitor placed Fletcher in the aere of 5348 Gay Street NE."  Contrary to the government's current representations, police officer identification testimony is not necessary to explain this to the jury. Second, the government argues that it needs to explain why Officers Amengual and Anderson shouted "Fletcher" and "Bynum" when arresting them. However, the government omits that, in light of the Court's ruling, the defense objects to the introduction of the audio portion of the body-worn camera footage which is irrelevant and consists only of officer shouting at the defendants. The defendants complied with the officers' orders. The defense does not object to the government playing the video from the body-worn camera to demonstrate that the defendants were arrested together in a vehicle, but the audio is irrelevant and inadmissible.

**Conclusion**

In light of defense counsel's repeated assertions that the defense will be conceding identification and not asserting a misidentification defense, the Court should maintain its prior

ruling that evidence that police officers were familiar with Mr. Fletcher and Mr. Bynum and therefore able to identify them is substantially more prejudicial than probative. The government's Motion for Reconsideration should be denied.

                                   Respectfully submitted,

                                   A. J. Kramer
                                   Federal Public Defender

                                   _____/s/_____
                                   Elizabeth Mullin
                                   Mary Manning Petras
                                   Assistant Federal Public Defenders
                                   625 Indiana Ave NW, Suite 550
                                   Washington, D.C. 20004
                                   (202) 208-7500

Elizabeth_Mullin@fd.org